IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:24cr296-MHT |
| | ) | (WO) |
| DORON CARTARIUS MITCHELL | ) | |

OPINION AND ORDER

This case is before the court on the motion to continue trial filed by defendant Doron Cartarius Mitchell.  For the reasons set forth below, the court finds that jury trial now set for April 14, 2025, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), or resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

2

taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Mitchell in a speedy trial. Mitchell requests that the trial be continued for a sufficient period of time to allow the court to consider the United States Magistrate Judge's report and recommendation on Mitchell's motion to suppress, the government's objection to the recommendation, and Mitchell's response to the objection.  Mitchell represents that the court's ruling on the motion will dictate whether the case is resolved by dismissal or plea.  The court concludes continuance is warranted to allow itself sufficient time for the resolution of the motion to suppress.  Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Doron Cartarius Mitchell's unopposed motion to continue trial (Doc. 51) is granted.

(2) The jury selection and trial for defendant Mitchell, now set for April 14, 2025, are continued to May 12, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this the 18th day of March, 2025.

                                       /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE