IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:24cr296-MHT |
| | ) | (WO) |
| DORON CARTARIUS MITCHELL | ) | |

OPINION AND ORDER

This case is before the court on the joint oral motion to continue trial made by both the government and defendant Doron Cartarius Mitchell at a status conference on August 27, 2025. For the reasons set forth below, the court finds that jury selection and trial now set for September 8, 2025, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(C).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in

>an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from "any interlocutory appeal," § 3161(h)(1)(C), or resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

2

preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, here, a continuance is warranted to allow for resolution of the interlocutory appeal. *See* Notice of Appeal (Doc. 66). Additionally, the ends of justice served by granting a continuance outweigh the interest of the public and Mitchell in a speedy trial. Both the government and Mitchell request that the trial be continued because resolution of the issue of suppression of evidence of the instant offense will dictate whether the case is resolved by dismissal or plea. Therefore, the court concludes that, in this case, an open-ended continuance until the interlocutory appeal is resolved and a new trial date is set is warranted to serve the ends of justice.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The joint oral motion to continue trial (Doc. 64) is granted.

(2) The September 8, 2025, jury selection and trial are continued generally, pending resolution of the government's interlocutory appeal.

DONE, this the 27th day of August, 2025.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**